NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1460, -1461, -1462, -1465

SPANSION, INC. and SPANSION, LLC,

Appellants,

and

FREESCALE SEMICONDUCTOR, INC.,

Appellant,

and

ATI TECHNOLOGIES, ULC,

Appellant,

and

STMICROELECTRONICS N.V.,

Appellant,

and

QUALCOMM INCORPORATED,

Appellant,

v.

INTERNATIONAL TRADE COMMISSION,

Appellee,

and

TESSERA, INC.,

Intervenor.

On appeal from the United States International Trade Commission in Investigation No. 337-TA-605.

ON MOTION

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

PROST, Circuit Judge.

ORDER

Spansion, Inc. et al. (Spansion) and Freescale Semiconductor, Inc. et al. and Qualcomm Incorporated (Freescale) each submit a motion for a stay, pending appeal, of the limited exclusion order and cease and desist order issued by the United States International Trade Commission on May 20, 2009. Tessera, Inc. and the Commission each oppose. Spansion replies. Tessera moves to strike a declaration and exhibits attached to Freescale's stay motion. Freescale opposes. Tessera replies.

The Commission instituted an investigation based on a complaint filed by Tessera alleging that the appellants' ball grid array packages infringed certain claims of Tessera's patents. The administrative law judge (ALJ) ruled that the appellants did not infringe and thus there was no violation of 19 U.S.C. § 1337. The Commission determined that it would review certain of the ALJ's findings and ruled that the accused devices infringe. Thus, the Commission issued a limited exclusion order and cease and desist order. Spansion and Freescale appealed and now seek a stay, pending appeal, of the limited exclusion order and cease and desist order.

In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987); see also Standard Havens Prods. v. Gencor Indus., 897

F.2d 511 (Fed. Cir. 1990). To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, must demonstrate that it has a substantial case on the merits and that the harm factors militate in its favor. Hilton v. Braunskill, 481 U.S. 770, 778 (1987).

Without prejudicing the ultimate disposition of this case by the merits panel, and based upon the motions papers submitted, we determine that Spansion and Freescale have not met their burden to obtain a stay of the judgment. Thus, we deny the motions. We further determine that the motion to strike is without merit.

Accordingly,

IT IS ORDERED THAT:

(1)     The motions for a stay, pending appeal, are denied.

(2)     The motion to strike is denied.

FOR THE COURT

SEP - 8 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Paul D. Clement, Esq.
        Morgan Chu, Esq.
        Megan M. Valentine, Esq.
        Carter G. Phillips, Esq.
        Kenneth R. Adamo, Esq.
        Stephen B. Kinnaird, Esq.
        Michael J. Bettinger, Esq.

s17



FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP - 8 2009

JAN HORBALY
CLERK